FILED
Jul 23 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     s/ jenniferv     DEPUTY

DAVID F. MCDOWELL (CA SBN 125806)
DMcDowell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200

Attorney for Defendant
FITBIT, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON WILLIS, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FITBIT, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant. | Case No. **'19CV1377 DMS WVG**<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>[San Diego County Superior Court Case No. 37-2019-00031494-CU-BT-CTL] |

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Defendant Fitbit, Inc. ("Fitbit"), hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for Southern District of California. The grounds for removal are as follows:

1. On June 18, 2019, Baron Willis ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Diego, against Fitbit, Case No. 37-2019-00031494-CU-BT-CTL (the "Complaint"). Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2. Exhibit A constitutes all the process, pleadings, and orders provided by counsel for Plaintiff to counsel for Fitbit, which are hereby incorporated by reference.

3. On June 24, 2019, the Complaint was served on CT Corporation, Fitbit's registered agent for service of process. Accordingly, this Notice of Removal is timely, as it is filed within thirty days of Fitbit's receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

## REMOVAL IS PROPER UNDER CAFA[1]

4. This action is a civil action which may be removed to this Court by Fitbit pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, and 1453.

5. The Complaint was filed by Plaintiff on behalf of two putative nationwide classes, defined as:

> All persons in the United States who purchased Fitbit Trackers for personal use and had to replace them, or lost them because of defective bands or clasps (Nationwide Tracker Class).

---

[1] This Notice of Removal is based on the allegations in the Complaint, and is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

and

>All persons in the United States who purchased Fitbit Fitness Watches for personal use and had to replace them or lost them because of defective bands or clasps (Nationwide Watch Class).

and on behalf of two putative statewide sub-classes, defined as:

>All persons in California who purchased Fitbit Trackers for personal use and had to replace them or lost them because of defective bands or clasps (California Tracker Class).

and

>All persons in California who purchased Fitbit Fitness Watches for personal use and had to replace them or lost them because of defective bands or clasps (California Watch Class).

(Compl. ¶¶ 31-32.)

6. The Complaint alleges that, for years, Fitbit was on notice of a design defect that caused some of its products' bands to "regularly pop off the consumer's wrists," and "yet failed to correct [the defect] and continued to sell [defective products] to consumers, without providing them with notice of the defect." (Compl. ¶¶ 56, 74.)

7. The Complaint asserts six causes of action: (i) violations of California's Consumer Legal Remedies Act, (ii) violations of California's Unfair Competition Law (unlawful, unfair and fraudulent practices), (iii) violations of California's False Advertising Law, (iv) breach of Express Warranty, (v) breach of Implied Warranty, and (vi) violations of the Magnuson-Moss Warranty Act. (Compl. ¶¶ 43, 69-72, 78, 85, 97 and 112.)  The Complaint seeks recovery of the purchase price paid by all of the class members for the relevant Fitbit products, restitution of all amounts obtained by Fitbit as a result of its alleged misconduct (plus interest), other compensatory damages, punitive damages, costs of suit, attorneys' fees, and an injunction.  (Compl. ¶¶ 64, 95, 121, and Prayer For Relief.)

8. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000.  Each of these requirements is met here.

9. The Declaration of Mandy Lau in Support of Notice of Removal ("Lau Declaration") is being filed concurrently with this Notice of Removal.

**MATTER IN CONTROVERSY IN EXCESS OF $5,000,000**

10. CAFA provides that, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

11. Where, as here, a complaint does not specify the amount of damages sought, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal."  *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015).  No submission of evidence accompanying the removal notice is required.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  If the defendant's assertions are challenged, the defendant bears the burden of establishing the amount in controversy by a "preponderance of the evidence." *Id.* at 554; *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (sufficient evidence shows "more likely than not" that jurisdictional minimum is met).  This burden is not "daunting" and only requires that the defendant "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$5,000,000]." *Blevins v. Republic Refrigeration, Inc.*, No. CV-04019-MMM (MRWx), 2015 WL 12516693, at *6 (C.D. Cal. Sept. 25, 2015).

12. Plaintiff's request for restitution alone places more than $5,000,000 in controversy.  On behalf of "[a]ll persons on the United States" who purchased Fitbit

Trackers or Fitness Watches "for personal use and had to replace them or lost them because of defective bands or clasps," Plaintiff seeks "all amounts obtained by Fitbit" from sales of those products over the past four years, the applicable limitations period. (Compl. ¶¶ 26, 50.) *Hunter v. Nature's Way Prods., LLC*, 2016 WL 4262188, at *11 (S.D. Cal. Aug. 12, 2016) (explaining that the "statute of limitations for actions under FAL or CLRA is three years" and "[t]he statute of limitations for UCL . . . is four years"). Plaintiff does not allege whether he is seeking a full refund of the full purchase price or a price premium—the difference he would have paid but for Fitbit's alleged misrepresentations.

13. Since January 1, 2019, Fitbit, through its website alone, has sold more than 335,593 units of the following products: Ace 2, Inspire, Inspire HR, Charge 3, Ionic, Versa, Versa Lite, and Versa Special Edition. These sales were made to well over 1,000 different customers. In total, consumers have purchased these items for a combined price of well over $5,000,000. (Lau Decl. ¶ 3.)

14. Plaintiff's remaining requests for relief substantially increase the amount in controversy. Plaintiff requests punitive damages and an injunction, the latter of which would presumably include an order requiring Fitbit to alter its design for all of its relevant products. This cost, which would be substantial, is properly considered part of the amount in controversy. *See, e.g., Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015) ("The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant.")

15. Finally, Plaintiff seeks attorneys' fees and costs, which add to the amount in controversy where, as here, the underlying statute provides for an attorneys' fee award. *See Alexander v. FedEx Ground Packaging Sys., Inc.*, No. C-05-0038-MHP, 2005 WL 701601, at *5 (N.D. Cal. Mar. 25, 2005); *see* Cal. Civ. Code § 1780(e) (court must award costs and attorneys' fees to prevailing plaintiff in CLRA case).

16. Accordingly, based on the Complaint's allegations and Fitbit's sales data, the $5,000,000 amount in controversy requirement is satisfied here, exclusive of interest and costs.

**MINIMAL DIVERSITY OF CITIZENSHIP**

17. As alleged in the Complaint, Plaintiff resides in the State of California. (Compl. ¶ 2.) Fitbit is informed and believes that Plaintiff is a California resident.

18. Fitbit is a Delaware corporation and has its principal place of business in California. (Compl. ¶ 3.) Thus, Fitbit is a citizen of Delaware and California. *See City of Vista v. Gen. Reinsurance Corp.*, 295 F. Supp. 3d 1119, 1123-24 (S.D. Cal. 2018) (for purposes of diversity jurisdiction, a corporation "is a citizen of the state in which it was incorporated and the state in which its principal place of business is located" (citing 28 U.S.C. 1332(c))).

19. Accordingly, the "minimal diversity" requirement under CAFA—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal of this action. 28 U.S.C. § 1332(d)(2)(A).

20. Moreover, 28 U.S.C. § 1332(d)(4) does not require this Court to decline jurisdiction because less than two-third of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed. (Lau Decl. ¶ 4.)

21. This action does not fall within any exclusion in 28 U.S.C. §§ 1332(d)(9) and 1453(d) because it does not involve certain securities or corporate governance issues; it involves only causes of action arising under California common law and consumer protection statutes.[2]

---

[2] *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same).

22. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

**NOTICE TO STATE COURT AND PLAINTIFF**

23. Counsel for Fitbit certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of San Diego, a copy of this Notice of Removal.

Dated: July 23, 2019

DAVID F. MCDOWELL
MORRISON & FOERSTER LLP

By: /s/ David F. McDowell
DAVID F. MCDOWELL
DMcDowell@mofo.com

Attorney for Defendant
FITBIT, INC.